[Civ. No. 20298.  First Dist., Div. Three.  May 13, 1963.]

AMELIA RUFFINILLI et al., Plaintiffs and Appellants, v. RICHARD T. JORDAN et al., Defendants and Respondents.

William F. Worthington, Jr., Hurley & Bigler, Worthington, Fields & Worthington and M. H. Messner for Plaintiffs and Appellants.

James E. Burns, Joseph A. Kiernan and Richard P. Lyons for Defendants and Respondents.

DRAPER, P. J.—Plaintiffs seek damages arising out of their purchase from defendants of corporate shares for which no permit had been issued at time of sale. The case was tried to the court, without jury. Judgment was for defendants on the ground the statute of limitations had run. Plaintiffs appeal.

Four plaintiffs purchased stock in April 1952, and one bought additional shares in January 1953. Permit of the Commissioner of Corporations did not issue until June 19, 1953, and it is conceded that all the sales were therefore invalid. Complaint was filed March 10, 1959.

One who sells a security for which a permit is required by the Corporate Securities Act impliedly represents that such permit has been secured. Falsity of the implied representation gives rise to an action for fraud (*Mary Pickford Co.* v. *Bayly Bros., Inc.,* 12 Cal.2d 501, 526 [86 P.2d 102]). Such right of action accrues on discovery of the fraud (*id.*), and is not barred until three years thereafter (Code Civ. Proc., § 338, subd. 4; *Gormly* v. *Dickinson,* 178 Cal.App.2d 92, 104 [2 Cal.Rptr. 650]).

Relying upon this rule, plaintiffs alleged and testified that they had no knowledge of the absence of a permit until that fact was stated in a telephone call and letter to one of them in May or June of 1956.

Defendants, however, introduced escrow receipt and letter of transmittal thereof, received and receipted for by each plaintiff in August 1953. These documents showed that the commissioner's permit had not issued until June 19, 1953. Other documents in evidence had similar effect, and the court could draw inferences from the testimony of one plaintiff as to the understanding drawn by all from the several documents. The court found that each plaintiff, by August 1953, had knowledge of the absence of a permit at the dates of the several sales.

Plaintiffs argue that construction of the escrow receipt is a question of law for the court, and that we should determine that it did not give adequate notice. But the issue is not merely the legal effect of the receipt. It is whether, on all the evidence, plaintiffs knew in 1953 that no permit had existed when the stock was sold to them. The evidence would

support a finding either way, and the trial court resolved the conflict against plaintiffs.

Although all but one of plaintiffs had little knowledge of the English language, that one had a ready facility in the language, and had business training and experience. There is direct evidence and inference that she acted as translater and adviser for the other plaintiffs.

Plaintiffs cite authorities limiting the circumstances under which it is held that one defrauded could or should have discovered the fraud. These authorities have no application here, for the finding is not merely that plaintiffs had information which required them to inquire further. Rather, the court found that they had actual knowledge of the lack of a permit. It emphasized this view by denying plaintiffs' specific request for a finding that they had only constructive notice. As we have pointed out, the finding of actual knowledge, more than five years before commencement of this action, is supported by substantial evidence.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.